# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 20-MJ-00070 (GMH)** |
| : | |
| **ALEXANDER ALAZO** : | |
| _____ | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S
## MOTION TO CONTINUE PRELIMINARY HEARING

Alexander Alazo, by and through his attorney, respectfully submits this opposition to a motion filed earlier today by the government seeking a continuance of the preliminary hearing.

### Background

On April 30, 2020, Mr. Alazo appeared for an initial appearance on a criminal complaint charging him with violations of 18 U.S.C. §112(a) ("Violent attack on a foreign official of official premises"), 18 U.S.C. § 924(b) ("Interstate Transportation of a firearm and ammunition with intent to commit a felony"), and 18 U.S.C. § 970(a) ("Willfully injuring or damaging property belonging to or occupied by a foreign government").  The government requested a detention hearing at Mr. Alazo's initial appearance and, upon Mr. Alazo's oral motion for a continuance, a detention hearing was scheduled for May 4, 2020.

On May 4, 2020, a detention hearing was held.  At the conclusion of the detention hearing, this Court determined that Mr. Alazo shall remain in custody while his case is pending. In accordance with Fed. R. Crim. P. 5.1, Mr. Alazo requested a preliminary hearing within

fourteen days of his initial appearance.[1] Because of the COVID-19 pandemic, Mr. Alazo did not request a hearing at which all parties and witnesses must be present. Rather, Mr. Alazo requested a preliminary hearing by videoconference. Based on Mr. Alazo's request, a preliminary hearing, by videoconference, was scheduled for the fourteenth day (i.e. May 14, 2020).

On May 13, 2020, one day before the scheduled preliminary hearing, the government filed a motion to continue the preliminary hearing. The government cites the COVID-19 pandemic and concerns about having a hearing by videoconference as its principal reason for seeking a continuance.

**Argument**

**I.     Mr. Alazo has a right to a timely preliminary hearing.**

In all federal criminal cases in which an indictment has not been returned or an information has not been filed, "a preliminary examination shall be held . . . to determine whether there is probable cause to believe that an offense has been committed and that the arrested person has committed it." 18 U.S.C. § 3060(a). The preliminary hearing "shall be held within a reasonable time following initial appearance, but in any event not later than the fourteenth day following the date of the initial appearance of the arrested person before such officer if the arrested person is held in custody. . . ." 18 U.S.C. § 3060(b).

This right to a timely preliminary hearing is reinforced by the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 5.1 provides that "a magistrate judge must conduct a preliminary hearing unless" the defendant waives the hearing, an indictment has been returned against the

---

[1] Rule 5.1(c) provides that "[t]he magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody. . . ."

defendant, the government files an information, the defendant is charged with a petty offense, or, under some circumstances, if the defendant is charged with a misdemeanor. Rule 5.1 further states that "[t]he magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody. . . ." Because Mr. Alazo is in custody, and because none of the above listed exceptions apply, Mr. Alazo is entitled to have a preliminary hearing by May 14, 2020.

**II.  The government's stated reasons for a continuance are insufficient.**

The government asks this Court to disregard the requirements set forth in 18 U.S.C. § 3060 and Fed. R. Crim. P. 5.1 by scheduling a preliminary hearing in Mr. Alazo's case to a date no sooner than June 15, 2020.[2] The government relies on Rule 5.1's "extraordinary circumstances" provision to support its request for a continuance. Under this exception, when the defendant does not consent to an extension of the 14-day time limit, "the magistrate judge may extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay." While *both* "extraordinary circumstances" *and* the "justice" requirement must be present in order to extend the 14-day time limit, the government has shown neither in Mr. Alazo's case.

The government asks this Court to do what the Chief Judge of the United States District Court for the District of Columbia has declined to do, and what Congress has declined to do – to indefinitely continue hearings without regard for Due Process. The government's request is so callously broad because, in this case, it has no specific legitimate justification to demonstrate "exceptional circumstances." It does not articulate a single legitimate case-specific argument – whether it be the unavailability of a witness, or evidence that it cannot present even considering

---

[2] The government's request seeks to deny Mr. Alazo's right to a preliminary hearing for a period of at least four weeks beyond the limit established by statue and the Federal Rules of Criminal Procedure.

the two week continuance – that would justify a continued hearing. Without proffering any valid circumstances relevant to this case, it basically asks the Court to find circumstances relevant to every case – circumstances already considered by the legislature and by the judiciary. There is no support for the government's position and it should be rejected.

Preliminary hearings may be conducted by video, Mr. Alazo has a right to a timely preliminary hearing, the government is surely aware that preliminary hearings must be conducted within fourteen days in cases where a defendant is in custody, and the government has been specifically aware of Mr. Alazo's May 14 preliminary hearing date since May 4. There is thus no good cause for a continuance and the government's motion to continue Mr. Alazo's preliminary hearing must be denied.

The government's arguments in support of its request for a continuance conflict with recent responses to the COVID-19 pandemic by Congress and by Chief Judge Howell. In addressing how to conduct criminal proceedings in federal court during the COVID-19 pandemic, including the concerns raised here by the government, Congress included the following provision:

> VIDEO TELECONFERENCING FOR CRIMINAL PROCEEDINGS.— (1) IN GENERAL.—Subject to paragraphs (3), (4), and (5), if the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States, the chief judge of a district court covered by the finding (or, if the chief judge is unavailable, the most senior available active judge of the court or the chief judge or circuit justice of the circuit that includes the district court), upon application of the Attorney General or the designee of the Attorney General, or on motion of the judge or justice, may authorize the use of video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, for the following events: (A) Detention hearings under section 3142 of title 18, United States Code. (B) Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure. (C) Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure. (D) Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure. (E) Arraignments under Rule 10 of the Federal Rules of Criminal Procedure. (F) Probation and supervised release

>revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure. (G) Pretrial release revocation proceedings under section 3148 of title 18, United States Code. (H) Appearances under Rule 40 of the Federal Rules of Criminal Procedure. (I) Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure. (J) Proceedings under chapter 403 of title 18, United States Code (commonly known as the ''Federal Juvenile Delinquency Act''), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), P.L. 116-136, Section 15002.

Chief Judge Howell has issued two standing orders that generally address court operations due to the exigent circumstances created by the COVID-19 pandemic. *See* Standing Orders 20-09 and 20-19. The Standing Order in effect now, Standing Order 20-19, was issued on April 2, 2020. Standing Order 20-19, while limiting court operations generally, provides that "[t]he criminal duty Magistrate Judge will continue to conduct proceedings . . . utilizing videoconferencing and teleconferencing." Standing Order 20-19 at 2.

Consistent with the CARES Act, Chief Judge Howell issued an order on March 30, 2020, that specifically addresses videoconferencing and teleconferencing during the COVID-19 pandemic. *See* Standing Order 20-17. In this order, Chief Judge Howell ordered the authorization "to use video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available" for "criminal proceedings" that specifically include "preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure." Standing Order 20-17 at 4-5.

In essence, Standing Order 20-17 orders authorization to use video and telephone conferencing for all events listed in Section 15002 of the CARES Act. *See* Standing Order 20-17 at 3. Section 15002(b)(1) of the CARES Act lists a number of criminal proceedings that may be conducted virtually, to specifically include "[p]reliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure." Section 15002(b)(1) of the CARES Act, Standing Order 20-19,

and Standing Order 20-17 were intended to accommodate the exigency of the COVID-19 pandemic by allowing for video preliminary hearings. Accordingly, the existence of the COVID-19 pandemic is not a legitimate legal basis to continue Mr. Alazo's preliminary hearing.

The government must make an actual and specific showing of "extraordinary circumstances." Fed. R. Crim. P. 5.1(d). Rather than doing so, the government offers a series of excuses that do not warrant a further continuance. First, considering the novel coronavirus pandemic, the government complains about the need to "take appropriate prophylactic actions to reduce viral exposure to all persons, including attorneys, courthouse personnel, defendants, law enforcement, and judicial officers." Government's Motion to Continue (hereafter Govt. Mtn.) at 8. The government continues by arguing that "the more time we spend in open court, the greater the opportunity to endanger others." *Id.* Because Mr. Alazo is requesting that his preliminary hearing be conducted by videoconferencing, the government's need for social distancing argument fails. Neither the parties, the judge, nor any witnesses will spend any time in "open court" during a preliminary hearing that is done by videoconferencing.

The government's only complaint that is arguably specific to Mr. Alazo's case is its concern that it will be unable to publish to the court surveillance video from the Cuban embassy and body-worn camera footage. The government claims that the capability for publishing this evidence by using "VTC is questionable." Govt. Mtn. at 9. The government further claims that, due to the large size of the video files, it is unable to provide this evidence to the court by email. Because Congress and Chief Judge Howell certainly considered the need to accommodate permitting parties to submit video evidence at preliminary and other hearings, this complaint by the government is without merit. Additionally, there are a variety of other options that have been available to the government for the past two weeks if it was interested in getting video evidence to

this Court. For example, the government could have placed the videos on a USB drive, a hard drive, or on DVDs and had the materials delivered to the Court by mail or by courier. The government could – and still can – deliver the materials over the internet through a means that is designed to permit the dissemination of large files.[3]

Any remaining complaints by the government, such as "maintaining an orderly hearing that allows for objections and sidebar conferences,"[4] can be characterized as generalized concerns or burdens (which all parties share) that, again, were surely considered by Congress and Chief Judge Howell. A video teleconference preliminary hearing will not interfere with either party's ability to make objections considering that each party will be able to see and hear the hearing as well as speak whenever necessary. The government's concern about sidebar conferences, like defense counsel's concern about his inability to confer with his client during all hearings that have occurred in this case, can either be tolerated or can be remedied by taking the additional time necessary to have communications by alternative means that include only the parties that should be present.

In sum, there is simply no justification to suspend Mr. Alazo's fundamental due process rights. This is a right that Mr. Alazo asserts, and it is a right that has not been curbed by the pandemic. When choosing to bring a case to federal court, the government must be prepared to follow rules that have been established for decades. Undoubtedly, we are experiencing unusual times with the COVID-19 pandemic. After careful consideration of this pandemic, the CARES Act and Chief Judge Howell's standing orders set forth some amended rules for handling criminal proceedings during this unique period. Those amended rules, however, do not deny Mr. Alazo his

---

[3] Use of a "drop box" is one example.
[4] *See* Govt. Mtn. at 9

right to a timely preliminary hearing within the fourteen days that is allotted for those who have been detained. The government has been aware of these rules, including the amended rules, for at least one month. Thus, the government has been on notice since the inception of this case that preliminary hearings are to be conducted by videoconferencing. The government was similarly on notice that a preliminary hearing by videoconferencing was the only mechanism available for a probable cause inquiry considering that returning an indictment is not possible due to the unavailability of a grand jury.

For these reasons, there are no "extraordinary circumstances" justifying the government's request for a continuance. Additionally, justice requires going forward with Mr. Alazo's preliminary hearing on May 14, 2020, rather than continuing his hearing to a later date.

### III. If the government is unable, or unwilling, to have a preliminary hearing by May 14, 2020, the complaint against Mr. Alazo shall be dismissed and Mr. Alazo must be released from custody.

If an indictment is not returned or an information is not filed, absent a finding of "extraordinary circumstances" and that "justice requires" further delay, "an arrested person who has not been accorded the preliminary examination required by [18 U.S.C. § 3060(a)] within the period of time fixed by the judge or magistrate judge in compliance with [the fourteen day time limit] shall be discharged from custody or from the requirement of bail or any other condition of release. . . ." 18 U.S.C. § 3060(d). Similarly, Fed. R. Crim. P. 5.1(f) states that "[i]f the magistrate judge finds no probable cause to believe an offense has been committed or the defendant committed it, the magistrate judge must dismiss the complaint and discharge the defendant." Accordingly, if Mr. Alazo's preliminary hearing does not go forward on May 4, 2020, the complaint against him shall be dismissed and Mr. Alazo must be immediately released.

## CONCLUSION

For the reasons stated above, or any other reasons that may be stated in court, Mr. Alazo requests that the government's motion for a continuance be denied.

>
> Respectfully submitted,
>
> A. J. KRAMER
> FEDERAL PUBLIC DEFENDER
>
> /s/
> _____
> Tony W. Miles
> Assistant Federal Public Defenders
> 625 Indiana Avenue, N.W., Suite 550
> Washington, D.C.  20004
> (202) 208-7500